Jonathan D. Montag
Law Offices of Jonathan D. Montag
P.O. Box 124801
San Diego, CA 92112
(619) 230-1420
Jonathan D. Montag, Esq.
Cal. State Bar No. 174822
Attorney for Mr. Thomas Alberto Marin

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Thomas Alberto Marin,<br><br>      Petitioner,<br><br>v.<br><br>Gregory J. Archambeault, Field Office Director San Diego Field Office, United States Immigration and Customs Enforcement<br><br>Matthew T. Albence, Acting Director, United States Immigration and Customs Enforcement;<br><br>Chad F. Wolf, Acting Secretary, United States Department of Homeland Security;<br><br>William Pelham Barr, United States Attorney General<br><br>Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center,<br><br>      Respondents. | Case No. **'20CV0730 BEN WVG**<br><br>Agency Number: A214-632-437<br><br>Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 |

Petitioner, Thomas Alberto Marin, by and through his attorney, Jonathan D. Montag, petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondent.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the United States Constitution. <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001).

2. Because Petitioner challenges his, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, <u>see</u> 8 U.S.C. §§ 1252(a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear

habeas petitions by noncitizens challenging the lawfulness of their detention. See, e.g., Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C §§ 1391(b) and (e) because a substantial part of the events or omissions giving rise to these claims occurred in this district. All material decisions have been made at the San Diego Field Office of Immigration and Customs Enforcement (ICE), which is located in this judicial district.

**PARTIES**

5. Petitioner is a noncitizen who is currently detained by Immigration and Customs Enforcement (ICE) at the Otay Mesa Detention Facility in San Diego, California.

6. Respondent Gregory J. Archambeault is the Field Office Director for the San Diego Field Office of ICE. Respondent Archambeault has the authority to order Petitioner's release or continued detention. As such, Respondent Archambeault is a legal custodian of Petitioner.

7. Respondent Matthew T. Albence is the Acting Director of ICE. As the head of ICE, an agency within the United States Department of Homeland Security that detains and removes certain noncitizens, Respondent Albence is a legal custodian of Petitioner.

8. Respondent Chad F. Wolf is the Acting Secretary of the United States Department of Homeland Security. He is responsible for the implementation and enforcement of the immigration laws and oversees ICE. As such, Respondent Wolf has ultimate custodial authority over Petitioner.

9. Respondent William Pelham Barr is the Attorney General of the United States. As the head of the United States Department of Justice, Respondent Barr shares responsibility for enforcement of the immigration laws with Respondent Wolf.

10. Respondent Christopher J. LaRose, Warden of the Otay Mesa Detention Facility, is also a legal custodian of Petitioner.

11. All Respondents are sued in their official capacities.

///

**FACTUAL ALLEGATIONS**

12. Petitioner, Thomas Alberto Marin, was born in Paris, France.

13. Petitioner entered the United States last on or about June 15, 2003, at Los Angeles International Airport under the visa waiver program, 8 U.S.C. § 1187. He had previously been in the United States after admission as an F-1 student, where he failed to maintain student status. He departed the United States in 2001 and returned in June 2013. On or about August 21, 2017, Mr. Marin submitted an application for adjustment of status based on his marriage to a United States citizen. Ultimately, his application was denied because of a finding of inadmissibility pursuant to 8 U.S.C. § 1182(a)(9)(B)[1]. Mr. Marin sought a waiver of this ground of inadmissibility pursuant to 8 U.S.C. 1182(a)(9)(B)(v), but it was apparently denied.

14. Mr. Marin has no criminal history in the United States or elsewhere.

15. Mr. Marin was taken into ICE custody pursuant to a removal order issued by ICE pursuant to 8 C.F.R. § 217.4(b) on January 22, 2020. Petitioner has remained in ICE custody since that date.

16. Mr. Marin has cooperated fully with all of ICE's efforts to remove him. Nonetheless, ICE has been unable to remove Petitioner from the United States.

17. ICE apparently is unlikely to be able to remove Petitioner because it has failed to either remove Mr. Marin or release him from custody since January 22, 2020, and has not communicated an intent to remove him or otherwise communicated about its intentions to Mr. Marin.

**LEGAL FRAMEWORK**

18. In Zadvydas v. Davis, supra, the Supreme Court held that the immigration statute 8 U.S.C. §

---

[1] The finding f inadmissibility appears to be in violation of Guilford Coll. v. McAleenan, 389 F. Supp. 3d 377, 398 (M.D.N.C. 2019), wherein the Department of Homeland Security was "... enjoined from enforcing the policy set forth in the August 2018 Policy Memorandum, in all its applications nationwide, pending resolution of this lawsuit." This policy re-defined unlawful presence of people in the United States as students as beginning when the person violates their status as opposed to when there is a finding by an immigration officer or immigration judge of a status violation.

1231(a)(6)[2] does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). If removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. Id. at 699-700. Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." Id.

19. The Court also recognized six months as the "presumptively reasonable period" of post-removal order detention when there is a significant likelihood of effectuating removal. Id. at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. Id. Moreover, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

**CLAIM FOR RELIEF VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT**

23. The foregoing allegations are re-alleged and incorporated herein.

24. Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The 90-day removal period has passed and there appears to be no significant likelihood of removal in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

///

---

[2] U.S.C. § 1231(a)(1)(A) states that "...when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period"). April 21, 2020, is ninety days from when Mr. Marin was detained.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Grant any other and further relief as the Court deems just and proper.

Dated: April 16, 2020

Respectfully submitted,

s/ Jonathan D. Montag

_____
Jonathan D. Montag
Attorney for Mr. Thomas Alberto Marin